51 F.3d 285
 Fed. Sec. L. Rep. P 98,626
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 
 Mark G. DALY, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; Securities and Exchange
Commission; Lawrence Christ, Securities and Exchange
Special Counsel; John Kelly, Jr., Securities and Exchange
Special Counsel, Defendants-Appellees.
 No. 94-1601.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1995.
 Before BALDOCK, KELLY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PER CURIAM.
 
 
 1
 This case arises from a complaint filed in the United States District Court for the District of Colorado by plaintiff Mark G. Daly in an effort to prevent the defendant Securities and Exchange Commission (SEC) from issuing a subpoena duces tecum for certain financial records of plaintiff from Colorado National Bank. The district court, construing plaintiff's complaint as a motion to quash pursuant to the Right to Financial Privacy Act (RFPA), 12 U.S.C. 3401-3422, denied the motion and dismissed plaintiff's complaint with prejudice. The district court also denied plaintiff's subsequent motion to alter or amend judgment. Plaintiff appeals and moves this court for an injunction pending appeal. Defendants move to dismiss plaintiff's appeal for lack of jurisdiction, and plaintiff moves to strike defendants' motion to dismiss.
 
 
 2
 A prerequisite for this court's consideration of a request for injunctive relief pending appeal is appellate jurisdiction over the underlying appeal. Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 756-57, 760 (10th Cir.1993) (denying motion for stay and dismissing appeal for lack of jurisdiction where district court's order not final and doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), inapplicable), aff'd, 114 S.Ct. 1992 (1994).
 
 
 3
 The RFPA states that "[a] court ruling denying a motion or application under [3410] shall not be deemed a final order and no interlocutory appeal may be taken therefrom by the customer." 12 U.S.C. 3410(d). Instead, the customer only may appeal as part of the final order in any subsequent legal proceeding brought by the government authority based on the subpoenaed records, or within thirty days of notification by the government authority that it does not intend to take further legal action. Id.
 
 
 4
 Accordingly, plaintiff must await appellate review of the order denying his motion to quash until the SEC concludes its legal action or notifies him that it does not intend to pursue the matter. See SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984) Therefore, this court lacks jurisdiction to entertain plaintiff's appeal.
 
 
 5
 Plaintiff's motion requesting this court quash SEC subpoenas of financial records from banks in Louisiana and Michigan must be filed in federal district court. 12 U.S.C. 3410(a). Therefore, this court is not an appropriate forum for this request.
 
 
 6
 Plaintiff's motion for injunctive relief pending appeal, his motion to quash, and his motion to strike defendants' motion to dismiss are DENIED. Plaintiff's motion for leave of court to file appellate brief out of time is DENIED as moot. Defendants' motion to dismiss is GRANTED, and plaintiff's appeal No. 94-1601 is DISMISSED for lack of appellate jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470